**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
Email: phaines@haineslawgroup.com
Joseph R. Holmes (SBN 312381)
Email: jholmes@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff, the Classes,
and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ SOLIS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MERCHANT OF TENNIS, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants | Case No.  5:21-CV-00459<br><br>**CLASS, COLLECTIVE AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**<br><br>**(2) FAIR LABOR STANDARDS ACT, (29 U.S.C. § 201 et seq.);**<br><br>**(3) REST PERIOD VIOLATIONS (LABOR CODE § 226.7, 516, 558);**<br><br>**(4) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);**<br><br>**(5) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 et seq.);**<br><br>**(6) WAITING TIME PENALTIES (LABOR CODE §§ 201 – 203);** |

1

**(7)  UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*);**

**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE**

Plaintiff Jose Hernandez Solis ("Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Class, Collective and Representative Action Complaint against Defendants The Merchant of Tennis, Inc., a California Corporation; and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class, collective and representative action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, *et. seq.*, Labor Code §§ 201-204, 210, 216, 226, 226.7, 510, 516, 558, 1194, 1194.2, 1197, 1198, and Industrial Welfare Commission Wage Order No. 7 ("IWC Wage Order"), in addition to seeking injunctive relief, declaratory relief, and restitution.

2.      This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law.  This Court has jurisdiction over Defendants' violations

of the California Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and IWC Wage Order, because these claims derive from the same common nucleus of operative facts as Plaintiff's claims alleged under the FLSA.

## VENUE

3.     Venue is proper under 28 U.S.C. 1391 because Defendants do business in San Bernardino County and some of the acts alleged herein took place in San Bernardino County.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiff within the Central District of California.

## PARTIES

4.     Plaintiff is an individual over the age of eighteen (18).  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as an hourly non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained, lost money and/or property, and has been deprived of the rights guaranteed to him by the FLSA, California Labor Code §§ 201-204, 210, 216, 226, 226.7, 510, 516, 558, 1194, 1194.2, 1197, 1198, California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and California Industrial Welfare Commission Wage Order 7-2001 (hereafter "Wage Order 7-2001"), which sets employment standards for the mercantile industry.

5.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating retail tennis stores in San Bernardino County, California and the United States, and employed Plaintiff and other, similarly-situated hourly non-exempt employees within San Bernardino

3

County and, therefore, were (and are) doing business in San Bernardino County and the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were licensed to do business in California and the County of San Bernardino, and was the employer of Plaintiff and the Classes (as defined in Paragraph 15) because they (1) exercised control over the wages, hours, or working conditions of Plaintiff and the Classes; (2) suffered or permitted Plaintiff and the Classes to work; or (3) engaged Plaintiff and the Classes to work, thereby creating a common law employment relationship.

7. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

Class, Collective and Representative Action Complaint

9.      At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and integrated/common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and integrated/common enterprise.  Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members.

## GENERAL FACTUAL ALLEGATIONS

10.     Plaintiff was employed by Defendants as a non-exempt production employee from approximately April 2020 to June 2020 out of their Ontario, California facility located in San Bernardino County.

11.     During Plaintiff's employment with Defendants, he received overtime pay for work in excess of 8 hours per workday and in excess of 40 hours of work in the workweek.  However, Defendants failed to pay Plaintiff at the correct rate of pay for all overtime hours worked resulting in Plaintiff being underpaid on overtime wages. By way of example, Plaintiff worked overtime but was not paid at the proper overtime rate, which resulted in him being underpaid all overtime wages, as follows: for the workweek of 05/10/20 to 05/23/20 Plaintiff's regular rate of pay was $13.25 and his overtime rate of pay was $19.75, when it should have been $19.875, resulting in Plaintiff being underpaid approximately $0.06 in overtime wages; and for the workweek of 05/24/20 to 06/06/20 Plaintiff's regular rate of pay was $13.25 and his overtime rate of pay was $19.75, when it should have been $19.875, resulting in Plaintiff being underpaid approximately $0.05 in overtime wages.

12.     Defendants required Plaintiff and other non-exempt employees to undergo Covid-19 temperature checks at the beginning of the workday.  But Defendants failed to compensate Plaintiff for his time spent undergoing temperature checks because the checks were performed off-the-clock.  Thus, Defendants failed to pay Plaintiff minimum and overtime wages for all hours

worked.  By way of example, Plaintiff underwent Covid-19 temperature checks off-the-clock but was not paid for his time spent undergoing testing, which resulted in Plaintiff's hours being underreported and underpaid in the workweeks of 05/10/20 to 05/23/20 and 05/24/20 to 06/06/20.

13.    Defendants also fail to authorize and permit Plaintiff and other non-exempt employees to take all required duty-free rest periods because they do not provide second rest periods for every second 4-hour period worked or major fraction thereof, or third rest periods for shifts in excess of 10.0 hours.   Despite Defendants' failure to authorize and permit Plaintiff and other non-exempt employees to take all rest periods to which they are legally entitled, Defendants do not provide Plaintiff and other non-exempt employees with an hour of pay at their regular rate for each rest period violation as required by Labor Code 226.7, and upon information and belief, have no mechanism for compensating employees for rest period violations.

14.    As a result of Defendants' failure to pay all minimum and overtime wages, and their failure to pay rest period premiums, Defendants issued inaccurate wage statements to Plaintiff, and failed to pay him all wages owed to him at the time of his termination.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

15.    Class Definition: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure and the FLSA:

a.    **FLSA Collective Action Overtime Class**: All current and former non-exempt employees of Defendant nationwide who have worked over 40 hours in a workweek and (1) who were not paid an overtime rate of 1.5x their base rate of pay; and/or (2) who underwent Covid-19 temperature checks, during the three years immediately preceding the filing of their opt-in form through the present;

b.    **Rule 23 Overtime Class**: All current and former non-exempt employees of Defendants in California who have worked over 8 hours in a workday and/or 40 hours in a workweek, and (1) who were not paid at an overtime rate of 1.5x their base rate of pay; and/or (2) who underwent Covid-19 temperature checks, during the four years immediately preceding the filing of the Complaint through the present;

c.    **Rule 23 Rest Period Class:** All current and former hourly non-exempt employees of Defendants in California who worked a shift greater than 6.0 hours, during the four years immediately preceding the filing of the Complaint through the present;

d.    **Rule 23 Minimum Wage Class:** All current and former non-exempt employees of Defendants in California who underwent Covid-19 temperature checks, during the four years immediately preceding the filing of the Complaint through the present;

e.    **Rule 23 Wage Statement Class**: All current and former non-exempt employees of Defendants in California who are members of the California Overtime Class, the Rest Period Class, and/or the Minimum Wage Class, during the three years immediately preceding the filing of the Complaint through the present;

f.    **Rule 23 Waiting Time Penalty Class**: All members of the California Overtime Class, the Rest Period Class, and/or the Minimum Wage Class who have separated their employment with Defendants during the three years immediately preceding the filing of this Complaint through the present.

16.    **Numerosity/Ascertainability:**  The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than one-hundred

(100) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

17. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

    i.     Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§510 and1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

    ii.    Whether Defendants failed to properly pay members of the California and FLSA Overtime Class at the correct overtime rate of pay;

    iii.    Whether Defendants authorized and permitted all legally compliant second rest periods to members of the Rest Period Class pursuant to Labor Code §§ 226.7 and 516;

    iv.    Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 1182.12, 1194, 1194.2 and 1197 by failing to pay all members of the Minimum Wage Class at least the minimum wage for all hours worked;

    v.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code 226.

    vi.    Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful;

18. **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating overtime

payments for the members of the California and FLSA Overtime Classes. As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

19. **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California and the United States during the statutes of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime wages, was deprived of minimum wages, was furnished with inaccurate and incomplete wage statements, and was not paid all wages owed at the time of their termination.

20. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

21. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a

particularly efficient and appropriate procedure to redress the violations alleged herein.  If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment.  Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

22.    As such, the Classes identified in Paragraph 15 are maintainable under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act.

## FIRST CLAIM

## FAILURE TO PAY OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

23.    Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

Class, Collective and Representative Action Complaint

24.     This cause of action is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

25.     Plaintiff and members of the California Overtime Class worked overtime hours but were not paid at the proper rate.  At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiffs and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and IWC Wage Order No. 7-2001.  Wage Order 7-2001, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 7-2001, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

26.     Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly pay Plaintiff and members of the California Overtime Class at "one and one-half (1½) times the employee's regular rate of pay".  Accordingly, Plaintiff and members of the California Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.  Moreover, Defendants failed to include time spent by Plaintiff and members of the California Overtime Class performing off-the-clock temperature checks when calculating overtime hours.

Class, Collective and Representative Action Complaint

27.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rates for said work violates California Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198, and IWC Wage Order 7-2001.

28.     Plaintiff is informed and believes and thereon alleges that the job duties and responsibilities of the California Overtime Class are irrelevant because Plaintiff and all others similarly situated merely allege wrongdoing with Defendants' pay policies and practices as to calculating the applicable overtime rates of pay for overtime worked by members of the California Overtime Class.

29.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 510, 558, 1194, 1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

## SECOND CLAIM
### FLSA VIOLATIONS
### (AGAINST ALL DEFENDANTS)

30.     Plaintiffs re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

31.     This cause of action is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

32.     Plaintiffs and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, and earned overtime compensation, but were not paid at "one and one-half (1½) times the employee's regular rate of pay."

33.     Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay paid to Plaintiff and members of the FLSA Overtime

Class, by not paying "one and one-half (1½) times the employee's regular rate of pay".  Moreover, Defendants failed to include time spent by Plaintiff and members of the FLSA Overtime Class performing off-the-clock temperature checks when calculating overtime hours. Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

34.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

35.     Defendants' policies and practices, as alleged, constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

36.     Defendants' policy and practice of failing to pay overtime at the correct rate to the FLSA Overtime Class creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

## THIRD CLAIM

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

37.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

38.     Wage Order 7-2001, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

39.     Plaintiff is informed and believe that Defendants maintained an unlawful, class-wide rest period policy, which failed to comply with the requirements of Wage Order No.7.

40.     As a result of Defendants' unlawful, class-wide rest period policy, Plaintiff and members of the Rest Period Class were not provided with all rest periods to which they were entitled under California law.  Defendants deprived Plaintiff and members of the Rest Period Class of second rest periods that they were entitled to as a result of Defendants' class-wide rest period policy.  Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and the Rest Period Class at their respective regular rates of pay.

41.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FOURTH CLAIM
### MINIMUM WAGE VIOLATIONS
### (AGAINST ALL DEFENDANTS)

42.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

43.     Wage Order 7, § 4 and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.  Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid

wages and interest thereon.  At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and members of the Minimum Wage Class for all hours worked, including, but not limited to, all hours they were subject to Defendants' control and/or were suffered or permitted to work under the Labor Code and Wage Order 7.

44.     At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law.  This unlawful conduct includes, but is not limited to Defendants' policy/practice of requiring non-exempt employees to get Covid-19 temperature checks, but not compensating these employees for this time.  Accordingly, Plaintiff and Minimum Wage Class members were not paid at least the legal minimum wage for all hours actually worked.

45.     California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the Industrial Welfare Commission prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

46.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 7.

47.     Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Minimum Wage Class in a civil action

for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 1194 et seq., and 1198; and Code of Civil Procedure § 1021.5.

48.    As a consequence of Defendants' non-payment of minimum wages, Plaintiff and members of the Minimum Wage Class seek penalties pursuant to the Wage Order 7, § 20(A) and California Labor Code § 1199; interest pursuant to California Labor Code §§ 218.6 and 1194 and Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2; attorneys' fees and costs of suit pursuant to California Labor Code § 1194 et seq.; and damages and/or penalties pursuant to California Labor Code § 558(a).

## FIFTH CLAIM
### WAGE STATEMENT VIOLATIONS
### (AGAINST ALL DEFENDANTS)

49.    Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

50.    Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish him and members of the Wage Statement Class with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, total gross wages earned, and total net wages earned, in violation of Labor Code § 226.

51.    Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime wages and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

52.     Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

**SIXTH CLAIM**

**WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS)**

53.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

54.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

55.     Defendants failed to timely pay Plaintiff all of his final overtime wages owing at the time of termination.  Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

56.     Defendants' willful failure to timely pay Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Waiting Time Class are

entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SEVENTH CLAIM
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

57.    Plaintiffs re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

58.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by: (a) failing to pay Plaintiff and members of the California Overtime Class all overtime wages owed due to miscalculation of the regular rate; (b) failing to pay Plaintiff and members of the FLSA Overtime Class all overtime wages owed due to miscalculation of the regular rate; (c) failing to provide Plaintiff and members of the Rest Period Class all second rest periods to which they are legally entitled; (d) failing to provide Plaintiff and the Minimum Wage Class all minimum wages for time spent undergoing Covid-19 temperature checks; (e) knowingly failing to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements in violation of Labor Code § 226; and (f) willfully failing to timely pay Plaintiff and members of the Waiting Time Class all final wages upon termination of employment.

59.    Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

60.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the

Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

61. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

62. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution, to secure injunctive relief on behalf of Defendants' current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5. Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

6. Upon the Third Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, 516, and 558;

7.  Upon the Fourth Claim, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

8.  Upon the Fifth Claim, for statutory penalties pursuant to Labor Code § 226;

9.  Upon the Sixth Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

10. Upon the Seventh Claim, for injunctive relief and restitution to Plaintiffs and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

11. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

12. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, 2698 *et seq.*, 2802, and Code of Civil Procedure § 1021.5.

13. For such other and further relief the Court may deem just and proper.


Dated:  March 15, 2021

Respectfully submitted,
HAINES LAW GROUP, APC


By:   __/s/ Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff, the Classes and
Aggrieved Employees


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial with respect to all issues triable by jury.

Class, Collective and Representative Action Complaint

Dated:  March 15, 2021          HAINES LAW GROUP, APC


By:     __/s/ Paul K. Haines_____
          Paul K. Haines
          Attorneys for Plaintiff, the Classes and
          Aggrieved Employees

Class, Collective and Representative Action Complaint